# DAVID

*v.*

# GONZALEZ.

----

San Juan, Law, 1234.

### APPLICATION FOR NEW TRIAL.

New Trial—Surprise.

Where the court's construction of the pleadings worked surprise

David v. Gonzalez.

upon one party, and the other was surprised by immaterial evidence to which he did not seasonably object, the result is so unsatisfactory that the court will grant a new trial upon terms.

Opinion filed August 3, 1918.

Mr. *H. R. Francis* for plaintiff.

Mr. *Antonio Trujillo Guil* for defendant.

HAMILTON, Judge, delivered the following opinion:

1. In this case the defendant was surprised by the motion of plaintiff on the pleadings at the trial, in consequence of which the court ruled that the effect of the imperfect denial in the answer was substantially an admission of the complaint, throwing the burden of proof upon the defendant. One of the admissions thus resulting was that the contract made by the defendant with one Link was the property of the plaintiff. It is quite possible that this admission was not intended by the defendant, and without objection by the plaintiff evidence was admitted which tended to show that the contract had been assigned by Link to a third party. If plaintiff had objected to this evidence the court would have been compelled to rule it out; but, not having objected, the plaintiff cannot now make it the ground for application for a new trial.

2. The jury came back and asked that the evidence of Link be read to them, which was done, and shortly afterwards they brought in a verdict. This was the evidence which tended to show that the contract belonged to a third party. It did not occur to the court that this might be what was in the mind of the jury, and therefore no additional instruction was given to

X. Porto Rico.—36.

David v. Gonzalez.

the effect that ownership was admitted by the pleadings. Indeed, it is not clear that the court could properly interfere with the reading of evidence which had not been objected to by the parties.

However, the court is not satisfied with the result of the case. The necessary rulings on the pleadings, not anticipated by the plaintiff, were a surprise on the one side, and the action of the jury in re-reading what was at least immaterial evidence was surprise to the defendant on the other side. It would seem best to have the facts re-examined by another jury. As the plaintiff did not make the objection which he easily could have interposed to the immaterial evidence, it seems only right that terms should be imposed upon him if he is to receive the benefit of a new trial.

Therefore the order of the court will be that the new trial will be granted upon the plaintiff's paying all costs of the court, to be taxed by the clerk, within ten days from this date. If this is not done, the application for a new trial is denied.

It is so ordered.